UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ABDULAHI MACALI,

                    Petitioner,

        v.

DREW BOSTOCK, et al.,

                    Respondent.

Case No. 2:26-cv-01041-TLF

ORDER GRANTING IN PART
PETITION FOR A WRIT OF
HABEAS CORPUS

        Petitioner Abdulahi Macali petitions for a writ of habeas corpus under 28 U.S.C. § 2241. Dkt. 1. Petitioner is detained by the U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. Dkt. 1, 5. He seeks immediate release under numerous claims under numerous authorities, including the Administrative Procedure Act ("APA"), the Fourth Amendment, and the Fifth Amendment. *E.g.*, Dkt. 1 at 30-35.

        The parties unanimously consent to proceed before a Magistrate Judge. Dkt. 3. The Court holds petitioner established he is entitled to release under the Fifth Amendment Due Process Clause, relying on *Mathews v. Eldridge*, 424 U.S. 319 (1976).

ORDER GRANTING IN PART PETITION FOR A
WRIT OF HABEAS CORPUS - 1

Accordingly, the Court **GRANTS** the petition and orders respondents to release petitioner within **24 hours** of the filing of this Order.[1]

### I.    BACKGROUND

Petitioner is a native and citizen of Somalia. Dkt. 1 at 4; Dkt. 7 at 1. In April 2023, petitioner entered the United States and was detained. Dkt. 1 at 4; Dkt. 7 at 1-2.

That same month, respondents issued a "Notice to Appear" alleging petitioner was "an alien present in the United States who has not been admitted or paroled." Dkt. 1-2 at 1; Dkt. 7 at 2. Concurrently, respondents released petitioner under an Order of Release on Recognizance ("OREC"). Dkts. 1-3, 6-2. One of the terms of petitioner's OREC was "enrollment and successful participation in an Alternatives to Detention (ATD) program . . ." Dkt. 1-3 at 1; Dkt. 6-2 at 2.

On March 5, 2026, respondents re-detained petitioner. Dkt. 1 at 4 (petitioner states this occurred while he "was attending a routine check-in"); Dkt. 6-3 (respondents' Form I-213 stating the re-detention occurred "at the Baltimore Intensive Supervision Appearance Program."). Respondents' Form I-213 form states the re-detention was "due to multiple program violations" and lists numerous alleged ATD violations between May 2023 and April 2025. Dkt. 6-3 at 3-4. Petitioner's detention in March 2026 occurred approximately 11 months after his last alleged ATD violation in April 2025. Dkt. 6-3 at 3-4.

---

[1] As the Court holds that petitioner is entitled to release as his re-detention violated his procedural due process rights, the Court need not address petitioner's remaining claims, including those under the Fourth Amendment and APA. *See Esquivel Pacheco v. LaRose*, 818 F. Supp. 3d 1168, 1173 n.1 (S.D. Cal. 2026).

ORDER GRANTING IN PART PETITION FOR A
WRIT OF HABEAS CORPUS - 2

Respondents ultimately transferred petitioner to NWIPC where he is currently detained. Dkt. 1 at 1; Dkt. 7 at 2.

## II.    DISCUSSION

### A.  Detention Authority

Respondents argue petitioner's detention is mandatory under 8 U.S.C. § 1225(b) and therefore he is not entitled to release or a re-detention hearing. *E.g.*, Dkt. 5 at 5, 7. This argument is unpersuasive for the following reasons.

First, to the extent respondents rely on authorities outside the Ninth Circuit, such as *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) or *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026), these authorities are not binding on this Court. *E.g.*, Dkt. 5 at 3, 5, 7.

Second, this Court rejected a similar argument in *Bealter Reyes v. Hermosillo*, No. 2:26-cv-00270-TLF, 2026 WL 507678, at *2 (W.D. Wash. Feb. 24, 2026). In that case this Court held, "even assuming a statute permits government detention of an individual, the Due Process Clause may provide procedural protections not found in the statute." *Id.* (citing *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001)); *see also Ramirez Tesara v. Wamsley*, 800 F. Supp. 3d 1130, 1137 (W.D. Wash. 2025) (quoting *E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1322 (W.D. Wash. 2025) ("the fact 'that the Government may believe it has a valid reason to detain Petitioner does not eliminate its obligation to effectuate the detention in a manner that comports with due process.'")).

Third, it is undisputed the petitioner was released under an OREC, which is authorized under 8 U.S.C. § 1226(a)(2)(B). Petitioner's OREC states his release was

"[i]n accordance with section 236 of the Immigration and Nationality Act," or in other words, 8 U.S.C. § 1226. Dkt. 6-2.

Fourth, petitioner's Notice to Appear, dated April 10, 2023, expressly declined to designate petitioner as an "arriving alien," instead stating he is "an alien present in the United States who has not been admitted or paroled." Dkt. 1-2; Dkt. 7 at 2. *See Garcia Gabriel v. Hermosillo*, No. 2:25-cv-02594-DGE-GJL, 2026 WL 194233, at *3 (W.D. Wash. Jan. 26, 2026) ("Notably, the issuing officer explicitly declined to designate Petitioner as an 'arriving alien,' . . . which is the active language used to define the scope of § 1225(b)(2)(a) in its implementing regulation.") (citing *Martinez v. Hyde*, 792 F. Supp. 3d 211, 218-19 (D. Mass. 2025)).

Thus, under the applicable law and on the record provided, the Court holds petitioner is not detained under section 1225.

**B. Due Process and *Mathews***

Turning to the merits of petitioner's due process claim, the Court adopts the reasoning of *E.A. T.-B.*, 795 F. Supp. 3d at 1320-24 as to analysis of the *Mathews* factors:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Mathews*, 424 U.S. at 335; *Rodriquez Diaz v. Garland*, 53 F.4th 1189, 1206-07 (9th Cir. 2022) (assuming without deciding that the *Mathews* test applies "in the immigration detention context.").

ORDER GRANTING IN PART PETITION FOR A
WRIT OF HABEAS CORPUS - 4

The first *Mathews* factor weighs in petitioner's favor. Individuals on release, even when such release is conditional, have a liberty interest in their continued freedom from custody. *E.A. T.-B.*, 795 F. Supp. 3d at 1321-22 ("That the Government exercises discretion in determining whether and which conditions of release to impose does not eliminate the protections afforded to Petitioner's liberty interest."). Here, it is undisputed petitioner was released after his initial detention and remained in the community for nearly two years prior to his re-detention.

Respondents argue that "'[t]he recognized liberty interests of U.S. citizens and aliens are not coextensive'" and "'Congress may make rules as to aliens that would be unacceptable if applied to citizens.'" Dkt. 5 at 6 (quoting *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022)). Yet, these authorities do not nullify petitioner's liberty interest. Dkt. 6 at 6; *see also Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) (noting the "high stakes of [petitioner's] liberty" interest as she had been in the community for "more than two years since" she was "released by ICE . . .").

The second *Mathews* factor weighs in petitioner's favor. Respondents based petitioner's re-detention based on numerous alleged ATD violations. *E.g.*, Dkt. 6-3 at 3-4. It is not alleged petitioner has any known criminal history. *See, e.g.*, Dkts. 5, 6-3 at 4, 7.

Even when a petitioner's re-detention is motivated by alleged violations of release conditions, "it would not necessarily follow that Petitioner can be detained for those violations without a hearing." *E.A. T.-B.*, 795 F. Supp. 3d at 1322; *see also Ramirez Tesara v. Wamsley*, No. 2:25-cv-01723-KKE-TLF, 2025 WL 3288295, at *5 (W.D. Wash. Nov. 25, 2025) ("factual disputes as to Petitioner's alleged parole violations

ORDER GRANTING IN PART PETITION FOR A
WRIT OF HABEAS CORPUS - 5

should be resolved at a pre-deprivation hearing, rather than resolved after the fact by this Court.").

The third and final Mathews factor also weighs in petitioner's favor. Respondents argue that "'the government clearly has a strong interest in preventing aliens from remain[ing] in the United States in violation of our law.'" Dkt. 5 at 7 (quoting *Rodriguez Diaz*, 53 F.4th at 1208). "'This is especially true when it comes to determining whether removable aliens must be released on bond . . .'" Dkt. 5 at 7 (quoting *Rodriguez Diaz*, 53 F.4th at 1208).

Even in light of interests recognized in *Rodriguez Diaz*, respondents' interest in pursuing civil detention without any hearing is low. *E.A. T.-B.*, 795 F. Supp. 3d at 1323-24 (quoting *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019)) ("'If the government wishes to re-arrest Ortega at any point, it has the power to take steps toward doing so; but its interest in doing so without a hearing is low.'").

The Court finds petitioner has a protected liberty interest in his continuing release from custody and all the *Mathews* factors weigh in his favor. A post-deprivation remedy is insufficient under such circumstances, and petitioner must be immediately released. *E.A. T.-B.*, 795 F. Supp. 3d at 1324; *Lnu v. Hermosillo*, No. C26-635-MLP, 2026 WL 691944, at *2 (W.D. Wash. Mar. 11, 2026) (citing *Ramirez Tesara*, 800 F. Supp. 3d at 1137) ("ICE revoked Petitioner's release at a routine check-in based solely on internal ATD entries . . . A brief pre-deprivation custody hearing would have substantial value in testing the factual and legal basis for redetention.")

### III.   CONCLUSION

For the reasons above, the Court **GRANTS** the petition and **ORDERS:**

ORDER GRANTING IN PART PETITION FOR A
WRIT OF HABEAS CORPUS - 6

1) Respondents **SHALL** immediately release petitioner **within 24 hours** of the filing of this Order under their most recent conditions of release;

2) Respondents **SHALL** file a certification with this Court no later than **two business days** from the date of this order, confirming the date and time petitioner was released.

3) Upon release, respondents **SHALL** return to petitioner any personal property, including personal identification documents and employment authorization documents;

4) The Court will consider any post-judgment motion for attorney's fees, as requested in the petition.[2]

DATED this 20th day of May, 2026.

Theresa L. Fricke
United States Magistrate Judge

---

[2] To the extent the petition requests additional injunctive relief limiting any and all potential future re-detention. *E.g.,* Dkt. 1 at 34-35. The Court declines to grant this relief and adopts the reasoning of *Saadhom v. Bondi*, No. 2:26-cv-00425-TL, 2026 WL 698786, at *10 (W.D. Wash. Mar. 12, 2026) ("the Court cannot conclude that due process requires a pre-detention hearing before an IJ, regardless of circumstances.").

ORDER GRANTING IN PART PETITION FOR A
WRIT OF HABEAS CORPUS - 7